IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | ) ) ) | C.A. No. 4:04-23302-TLW-TER |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER |
| GEORGE HEFFERNAN, a/k/a GEORGE W. MARSHALL, | ) ) ) | |
| Defendant. | ) ) ) | |

On December 16, 2004, the plaintiff, Commodity Futures Trading Commission ("CFTC"), initiated the instant action alleging that the defendant, George Heffernan, violated the Commodity Exchange Act, the Commodity Futures Trading Commission Regulations, and an Order of the Commodity Futures Trading Commission. (Doc. #1). The defendant filed an answer to the complaint on January 11, 2005, denying all of the plaintiff's claims. (Doc. #17). On February 21, 2006, the plaintiff filed a motion for summary judgment on the grounds that no genuine issue of material fact remained to prove the violations alleged in the complaint. (Doc. #61). Because the defendant is proceeding *pro se*, he was advised on or about February 21, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to adequately respond to the plaintiff's motion for summary judgment could result in the court granting the plaintiff's motion and ending the case. (Doc. #63). On March 6, 2006, the defendant filed a response in opposition to the motion for summary judgment (Doc. #65). However, the defendant did not present affidavits or other proper evidence to support his memorandum, which summarily labeled the plaintiff's accusations as false.

1

Since March 23, 2006, no attorney has made an appearance on behalf of the defendant and the defendant has not responded further to the plaintiff's motion for summary judgment.

This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Thomas E. Rogers, III, to whom this case had previously been assigned. (Doc. #81). In his Report, Magistrate Judge Rogers recommends that the "plaintiff's motion for summary judgment (Doc. #61) be granted as set forth herein, and the defendant's motion to release funds (Document #66) to the Index Pool investors be granted as set forth herein." (Doc. #81). The defendant did not file objections to the Report. However, the plaintiff has filed objections to the Report. (Doc. #82).

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted). In light of this standard, the Court has reviewed, <u>de novo</u>, the Report and the objections thereto. The Court accepts the Report in its entirety.

The plaintiff has filed objections to the Report regarding the fifth ground that the plaintiff asserted for summary judgment. (Doc. #82). The fifth ground states that the defendant violated CFTC's order and Section 6c of 7 U.S.C. § 13a-1 by not ceasing and desisting from further violations of 4o(1)(A) and (B) of the act, and Section 4.41(a) of the Commission's Regulation. A

review of the record shows that no conclusion has been reached as to this issue. Therefore, this Court will take this issue under advisement until further order.

A de novo review of the record indicates that the Report accurately summarizes the grounds that are covered and the applicable law. For the reasons articulated by the Magistrate Judge, it is **ORDERED** that the Report and Recommendations is **ADOPTED** in its entirety. The plaintiff's motion for summary judgment is **GRANTED** as set forth herein.

**AND IT IS SO ORDERED.**

S/ Terry L. Wooten
**TERRY L. WOOTEN**
**UNITED STATES DISTRICT JUDGE**

August 21, 2006
Florence, South Carolina