UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | ) ) ) | Civil Action No.: 4:04-23302-TLW-TER |
| Plaintiff, | ) ) | |
| -vs- | ) ) ) | **REPORT AND RECOMMENDATION** |
| GEORGE HEFFERNAN, a/k/a GEORGE W. MARSHALL, | ) ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

On July 25, 2007, the undersigned entered a Report and Recommendation (Document # 96) on Plaintiff's Motion for an Order of Permanent Injunction and Other Relief (Document # 91), recommending:

    A.    that Defendant be permanently enjoined from:

        (1)    acting as an unregistered CPO or associated person of a CPO in violation of Section 4m of the Act, 7 U.S.C. § 6m, by engaging, without Commission registration or an applicable exemption or exclusion from registration, in a business that is in the nature of an investment trust and by (i) soliciting, accepting or receiving funds or property for the purposes of participating in a commodity pool, or (ii) supervising persons so engaged;

        (2)    violating Commission Regulation 4.21, 17 C.F.R. § 4.21, by delivering a subscription agreement for a commodity pool to a prospective pool participant without delivering a disclosure document with required disclosures; and

        (3)    violating the Commission's September 6, 2000 Order;

    B.    that Defendant be assessed a civil penalty in the amount of $25,000, pursuant to 7 U.S.C. §13a-1(d)(1);

      C.      that the court recognize Defendant's liability for restitution in the amount of $190,000 and that the liability has been satisfied pursuant to the previous distribution of frozen funds; and

      D.      that disgorgement be ordered of the funds remaining in the Bank of America account ($75 plus any interest earned).

Report and Recommendation (Document # 91) at p. 7.

Thereafter, Plaintiff filed Objections (Document # 99) to the Report and Recommendation, indicating that "[t]he Report does not address [Plaintiff's] request for imposition of disgorgement with respect to [Defendant's] illicit gain of $230,000 form the sale of his Index Analysis Service products." Objection at p. 2. The District Judge entered an Order (Document # 100) accepting the Report and Recommendation in substantial part, but remanding the case back to the undersigned "for specific factual findings and preparation of a supplemental Report and Recommendation as to the disgorgement issue."[1] Order at p. 3. The undersigned submits this supplemental Report and Recommendation in accordance with the District Judge's Order.

With regard to the Index Analysis Service, this Court specifically found that

> defendant sold an electronic mail subscription service that provided, among other things, trading signals for S&P 500 futures contracts. Defendant offered these trading products to the public via an internet website located at www.indexanalysisservice.com. In conjunction with the sale of these products, defendant provided access to an internet based, text chat room, through which he disseminated buy and sell signals for trading S&P 500 futures contracts. Defendant received at least $230,000 through the sale of these products and services.

Report and Recommendation (Document # 81) at p. 5 (footnotes omitted), adopted by Order (Document # 86). The Court further found that these sales were a result of Defendant's fraudulent

---

[1] Plaintiff also objects to the amount of the civil penalty recommended pursuant to 7 U.S.C. § 13a-1(d)(1). However, that issue has not been remanded to the undersigned and, thus, will not be discussed herein.

and misleading representations and advertising. Report and Recommendation (Document # 81) at p. 14, adopted by Order (Document # 86).

Disgorgement of the Defendant's ill-gotten gains can effectuate the purpose of the Commodity Exchange Act. See, e.g., CFTC v. British American Options Corp., 788 F.2d 92, 93-94 (2d Cir. 1986) (stating that disgorgement effectuates the protection of the investor, the underlying purpose of the Act). Disgorgement of all profits is appropriate where the Commission can show systematic past fraudulent conduct of the company. British American Options Corp., 788 F.2d at 93-94 (holding that the Commission need not show that every dollar flowed from fraudulent conduct because fraud was systematic and pervasive). This Court has also found that "Defendant's violations were recurrent rather than isolated and involved a high degree of scienter." Report and Recommendation (Document # 96) at p. 4, adopted by Order (Document # 100).

In light of the nature of Defendant's violations with regard to the Index Analysis Service, it is recommended that disgorgement be ordered in the amount of $230,000, the amount Defendant received through the sale of the Index Analysis services and products.[2]

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

December 19, 2007
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

---

[2]It previously appeared unclear whether the amount sought for disgorgement was subsumed by the amount ordered as restitution. Based on further review and Plaintiff's unopposed objections to the Report and Recommendation filed July 25, 2007, the amounts are not duplicative and disgorgement in the amount of $230,000 is appropriate.