UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | ) | Civil Action No.: 4:04-23302-TLW-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | **ORDER** |
| | ) | |
| GEORGE HEFFERNAN, a/k/a GEORGE W. MARSHALL, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Thomas E. Rogers, III, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a), (D.S.C.). In the Report, the Magistrate Judge recommends that disgorgement be ordered in the amount of $230,000.00, the amount Defendant received through the sale of the Index Analysis services and products. The Report was filed on December 19, 2007. (Doc. # 106). No objections have been filed by either party

This Court is charged with conducting a de novo review of any portion of the Magistrate Judge's Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. No objections have been filed to the Report. In the absence of objections to the Report and Recommendation of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

1

A review of the record indicates that the Report accurately summarizes this case and the applicable law.  For the reasons articulated by the Magistrate Judge, it is hereby **ORDERED**  that the Magistrate Judge's Report is **ACCEPTED** (Doc. # 106), and disgorgement is **ORDERED** in the amount of $230,000.00, the amount Defendant received through the sale of the Index Analysis services.

In addition to the disgorgement issue, there is also the outstanding issue of the amount, if any, of any civil penalty ordered pursuant to 7 U.S.C. 13a-1(d)(1).  In the Report and Recommendation filed July 26, 2007, a civil penalty of $25,000.00 was recommended.  Plaintiff objected to this amount as being inadequate, and "request[ed] that the Court impose a civil monetary penalty in the amount of $690,000.00, approximately triple [defendant's] monetary gain from his fraudulent sale of the trading system and services."  The plaintiff continued to indicate that "this significant civil monetary penalty is required in order to deter [defendant's] conduct as a repeated scofflaw and a plague upon individual citizens searching for legitimate investment opportunities and methods." After further review and consideration of the recommendation in the Report, and the objections filed by plaintiff, this Court finds that a civil monetary penalty in the amount of $230,000.00 is appropriate.  This amount is equal to the defendant's ill gotten gains, which have been ordered disgorged.  In determining this amount, the Court finds it significant that defendant is a repeat offender whose conduct apparently was not deterred by the $125,000.00 penalty imposed in a previous action.  The Court finds this amount to be appropriate in this case given the gravity of the offense.  It also concludes that this  amount will be sufficient to act as a deterrent.

Accordingly, having considered all the issues raised in this case, the Court hereby summarizes the relief granted in this case as follows:

2

A.  Plaintiff's motion for summary judgment is granted as more fully outlined in this Court's Orders dated August 21, 2006 and October 31, 2006.  (Docs. # 86 and # 89 respectively).

B.  As indicated in the Court's August 30, 2007 Order (Doc. # 100), the Defendant is permanently enjoined from:

(1)  acting as an unregistered CPO or associated person of a CPO in violation of Section 4m of the Act, 7 U.S.C. § 6m, by engaging, without Commission registration or an applicable exemption or exclusion from registration, in a business that is in the nature of an investment trust and by (i) soliciting, accepting or receiving funds or property for the purposes of participating in a commodity pool, or (ii) supervising persons so engaged;

(2)  violating Commission Regulation 4.21, 17 C.F.R. § 4.21, by delivering a subscription agreement for a commodity pool to a prospective pool participant without delivering a disclosure document with required disclosures; and

(3)  violating the Commission's September 6, 2000 Order;

C.  As also indicated in the Court's August 30, 2007 Order (Doc. # 100), the Court recognizes Defendant's liability for restitution in the amount of  $190,000 and that the liability has been satisfied pursuant to the previous distribution of frozen funds; and

D.  As also indicated in the Court's August 30, 2007 Order (Doc. # 100), the funds remaining in the Bank of America account ($75 plus any interest earned) are hereby

3

disgorged; and

E.     As indicated above, and as further outlined in the Report, disgorgement is also ordered in the amount of $230,000.00, the amount Defendant received through the sale of the Index Analysis services; and finally

F.     Defendant is assessed a civil penalty in the amount of $230,000.00, pursuant to 7 U.S.C. § 13a-1(d)(1).

All issues having been considered, and relief granted, the Clerk shall close the case.

**IT IS SO ORDERED**.

s/ Terry L. Wooten
TERRY L. WOOTEN
UNITED STATES DISTRICT

February 25, 2008
Florence,  South Carolina