IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Commodity Futures Trading Commission, ) | Case No.: 4:04-cv-23302-JD-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| George Heffernan, a/k/a George W. Marshall, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on Defendant George Heffernan, a/k/a George W. Marshall's Rule 60(b) Motion to Vacate and Dismiss Judgment and Motion to Stay Enforcement of Judgment, the Court's Order dated February 25, 2008 (DE 112), and Judgment (DE 113). (DE 115.) For the reasons stated, the motion is denied.

## I.     BACKGROUND

### A.     Factual Background

This matter arises from enforcement proceedings initiated by the Commodity Futures Trading Commission ("CFTC") against Defendant George Heffernan a/k/a George W. Marshall ("Defendant") for violations of the Commodity Exchange Act. Following discovery and briefing, this Court granted Plaintiff's motion for summary judgment. (DE 86, DE 89.) The Court found that Defendant engaged in fraudulent solicitations related to the sale of an "Index Analysis" investment product and acted as an unregistered commodity pool operator (CPO).

1

Based on the findings, the Court entered a comprehensive final order on February 25, 2008, imposing the following relief:

- Permanent injunction against future violations of the Commodity Exchange Act and related regulations (DE 112 at 2–3);

- Disgorgement of $230,000, reflecting Defendant's unlawful gain (DE 112 at 2; DE 113 at 1);

- Civil monetary penalty for $230,000 (DE 112 at 3; DE 113 at 1);

- Satisfaction of $190,000 in restitution via prior asset freeze and distribution (DE 112 at 3).

Defendant did not appeal the judgment, and no objections were filed to the Magistrate Judge's Report and Recommendation, which the Court adopted in full (DE 112 at 1).

### B. Post-Judgment Proceedings

Over sixteen years later, on April 8, 2025, Defendant filed the instant motion to vacate judgment under Federal Rule of Civil Procedure 60(b). (DE 115.) The motion argues, without citation to the rule or its prongs, that Defendant was unaware of the proceedings and that entry of judgment was improper due to alleged defects in notice and service. Defendant seeks to set aside the judgment on the grounds of due process, prejudice, and the passage of time.

## LEGAL STANDARD

Rule 60(b), Fed. R. Civ. P., allows a party to obtain relief from a final judgment based on the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether

heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. "The powers reflected in Rule 60(b) are subject to limitations imposed by the rule itself and by precedent." *United States v. Winestock*, 340 F.3d 200, 204 (4th Cir. 2003). "The rule establishes time limits for motions alleging certain grounds for relief. Judicial decisions, meanwhile, have described the limits of relief available under particular components of the rule." *Id.* (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 86364 (1988) (discussing the proper use of Rule 60(b)(6)'s "catch-all" provision)).

> Also, the rule provides a remedy that 'is extraordinary and is only to be invoked upon a showing of exceptional circumstances.' A motion under Rule 60(b) must be timely brought, and the movant assumes 'the burden of showing a meritorious defense against the claim on which judgment was entered as a threshold condition to any relief whatsoever under the Rule.'

*McLawhorn v. John W. Daniel & Co.*, 924 F.2d 535, 538 (4th Cir. 1991) (internal citations omitted.)

## II.  DISCUSSION

Defendant's motion to vacate and dismiss this Court's Judgment (DE 113) and Court order (DE 112) fails for multiple, independent reasons.

### A. Untimeliness

To the extent that Defendant seeks relief under Rule 60(b)(1), (2), or (3), his motion is time-barred. The final judgment was entered on February 25, 2008 (DE 113), and the instant motion was not filed until April 8, 2025—over sixteen years later. Rule 60(c)(1) imposes a strict one-year limitation on motions invoking these grounds, which Defendant has exceeded.

### B. No Showing That Judgment Is Void

Defendant suggests, without citing Rule 60(b)(4), that the judgment is void due to lack of proper notice. However, the record reflects that Defendant was personally named and allowed to respond. The Magistrate Judge's Report and Recommendation was issued (DE 106), and no objections were filed. (DE 112 at 1.) Defendant offers no competent evidence—such as affidavits or proof of defective service—sufficient to establish that the judgment is void. Mere assertions of ignorance of the case do not meet the stringent burden required under Rule 60(b)(4). Courts routinely hold that improper service must be proven by clear and convincing evidence, which is absent here.

### C. No Exceptional Circumstances Warranting Relief

Relief under Rule 60(b)(6), the so-called catch-all provision, is available only in "extraordinary circumstances." *Winestock*, 340 F.3d at 204. Defendant identifies no intervening change in law, no newly discovered evidence, and no equitable reason compelling the Court to reopen a long-settled judgment. The only change identified is the passage of time and its attendant burdens—circumstances that cut against, rather than in favor of, reopening the judgment. *See McLawhorn*, 924 F.2d at 538.

Defendant also fails to articulate a meritorious defense to the underlying claims, a prerequisite for relief under any part of Rule 60(b). *Id.* The Court previously found clear and convincing evidence of repeated violations of federal commodities law, including prior sanctions and the evasion of CFTC orders. (DE 112 at 2–3.) Defendant has not disputed these findings or offered legal or factual defenses sufficient to warrant reopening the case.

### III.     CONCLUSION

For these reasons, the Court concludes that Defendant's motion is untimely and fails to meet the requirements of Rule 60(b). Defendant has not shown that the judgment is void, nor has he demonstrated extraordinary circumstances or a meritorious defense justifying relief.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Vacate Judgment (DE 115) is **DENIED**.

**IT IS SO ORDERED**.

*Joseph Dawson, III*
Joseph Dawson, III
United States District Judge

July 8, 2025
Florence, South Carolina

5